IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-271-WYD-MJW

MIDWEST LIMITED; and
SUNRISE INVESTMENTS,

      Plaintiff(s),

v.

R. WAYNE JEFFERIES;
MFE WEST, INC.;
SCOTT & SHARON WALLACE;
MESA RESOLUTION, LLC;
PAULINE HAAS VAUGHN; and
BRIAN VAUGHN,

      Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on Defendants' Motion to Compel Compliance

with Settlement Agreement, filed on September 23, 2005.  On September 27, 2005, this

Court ordered Plaintiffs to respond to the Defendants' Motion.  Edward G. Novotny and

Etta B. Novotny filed a Trustees' Amicus Curiae Response to Motion to Compel

Compliance with Settlement Agreement, in which they claimed that "the Court lacks

jurisdiction to hear and determine what amounts to deception being put upon this

honorable Court."  Resp. at 1.  Rather than addressing the merits or even the terms of

the settlement agreement, the Novotnys address the deficiencies of the attorney-

licensing practices of the state of Colorado.  *Id.* at 1-2.  The Novotnys claim that they

cannot be represented by an attorney licensed in Colorado, because all such attorneys

claiming membership to this bar do so "deceptively in that none can produce a license under Colorado law to practice law." *Id.* at 1.  The Plaintiffs also complain about the outcome of an earlier case before the Honorable Judge Robert E. Blackburn.  *See id.* at 2-3.  Their only real comment about the settlement agreement in the present matter is to state that Defendants "seek to impose a settlement that was illusory at best and conceived in deceit at worst." *Id.* at 4.

I find that Defendants have shown good cause to enforce the settlement reached by all parties at the August 29, 2005 settlement conference.  In reviewing the transcript of the proceeding before Magistrate Judge Watanabe, I find that Magistrate Judge Watanabe asked both Edward G. Novotny and Etta B. Novotny as trustees of the Midwest Limited and Sunrise Investment trusts and in their individual capacities, on open record before the Court, if they understood and agreed to the terms of the settlement and that they both responded that they did.  *See* Transcript of August 29, 2005 Proceeding before Magistrate Judge Michael J. Watanabe at 6-8.  I find that at the time the settlement agreement was reached, the Novotnys, as trustees and as individuals, and their attorney agreed to the settlement.  Further, because the Novotnys now only baldly assert that the settlement was made with deception but provide no evidence of deception, I find that there is a valid settlement agreement in this matter.

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion to Compel Compliance with Settlement Agreement, filed on September 23, 2005, is **GRANTED**.  It is

FURTHER ORDERED that the Plaintiffs, and the Novotnys individually, fully

execute the terms of the settlement agreement and abide by all of its terms.  It is

FURTHER ORDERED that the Defendants submit a check to the registry of the

Court in the amount of the $13,000 pending the parties' performance of the terms of the

settlement agreement.  It is

FURTHER ORDERED that the Plaintiffs execute and record in the real property

records of Montezuma County, Colorado written releases of any prior encumbrances,

lien or clouds on the Defendants' or Government's titles created by documents

previously recorded by Plaintiffs and the Novotnys individually.  It is

FURTHER ORDERED that this case is **DISMISSED WITH PREJUDICE**, each

side to pay their own attorneys' fees and costs.

Dated:  October 20, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge