IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00271-WYD-MJW

MIDWEST LIMITED and
SUNRISE INVESTMENTS,

    Plaintiffs,

v.

R. WAYNE JEFFERIES,
MFE WEST, INC.,
SCOTT and SHARON WALLACE,
MESA RESOLUTION, LLC, a Colorado limited liability company,
PAULINE HAAS VAUGHN and
BRIAN VAUGHN,

    Defendants.
_____

**ORDER DISCHARGING SHOW CAUSE ORDER AS TO CRIMINAL CONTEMPT**
_____

THIS MATTER came before the Court on a hearing on April 10, 2006, in connection with the Order for Civil Contempt and Show Cause Order as to Criminal Contempt filed March 14, 2006.  Plaintiffs and Edward and Etta Novotny were ordered therein to appear at this hearing and show cause why a criminal contempt citation should not be issued.  The Novotnys appeared at the hearing as directed in the Order.

By way of background, I issued a Minute Order on January 10, 2006, ordering the Plaintiffs and the Novotnys to respond to the Defendants' Motion for Order to Show Cause, and to appear before this Court at the hearing on March 7, 2006.  The Novotnys filed a response to the Motion for Order to Show Cause but did not appear at the hearing.  The Novotnys claim that they did not receive this Minute Order and were not advised that they were supposed to appear at the hearing.  I will accept these

representations as true for purposes of this Order, since I have no information to the contrary.

I also issued an Order dated October 20, 2005, which ordered Plaintiffs and the Novotnys to execute the terms of the settlement agreement and abide by all of its terms. That Order directed Plaintiffs and the Novotnys to execute and record in the real property records of Montezuma County, Colorado, written releases of any prior encumbrances, liens or clouds on titles of the Defendants or the Government created by documents previously recorded by Plaintiffs and the Novotnys individually.  This Order was entered as a result of the Defendants' Motion to Compel Compliance with Settlement Agreement filed on September 23, 2005.[1]

By Order dated March 14, 2005, I found that Plaintiffs and the Novotnys failed to adhere to the October 2005 Order which was clear and definite in its obligations, and failed to comply with the settlement agreement entered into by the parties as enforced in that Order.  Accordingly, Plaintiffs and Edward and Etta Novotny were held to be in civil contempt.  Plaintiffs and the Novotnys were ordered to pay $10,000 to the Defendants as a sanction for their contempt in an effort to secure compliance with the Court's Order.  The Order held this payment in abeyance for ten (10) days from service of the Order to allow Plaintiffs and the Novotnys to cure their noncompliance through execution of settlement documents within ten (10) days of service of the Order.  The Order stated that this payment would be waived if Plaintiffs and the Novotny executed

---

[1] Before the Order was issued, the Novotnys were allowed to present their defenses to compliance with the settlement agreement, and did so in their pleading entitled "Trustees' Amicus Curiae Response to Motion to Compel Compliance with Settlement Agreement" filed October 7, 2005.

these documents. Finally, the March 14, 2006 Order ordered Plaintiffs and the Novotnys to show cause why they should not be held in criminal contempt of Court for their failure to comply with this Court's Order dated October 20, 2005, as well as the Court's Minute Order dated January 10, 2006, that required them to appear at the hearing on March 7, 2006.

I note that the record indicates that the Novotnys were served with the Court's March 14, 2006 Order and the documents they were to execute on March 18, 2006. Edward and Etta Novotny each filed a written response to the Court's Order as directed on April 10, 2006. Further, Plaintiffs and the Novotnys did appear at this hearing as directed. At the hearing, upon threat of criminal contempt citations being issued, the Novotnys signed the settlement papers directed by the Court, both individually and as trustees of the Plaintiffs. I now turn to my rulings at the hearing.

As to the civil contempt citation, since the Novotnys did execute the settlement documents ordered by the Court in the October 2005 Order, I waived the $10,000.00 sanction. This sanction was waived even though the Novotnys did not execute the settlement papers within ten (10) days of service of the Order as directed therein. However, the Novotnys were assessed $2000.00 as a sanction to reimburse defense counsel for their time and travel expenses in having to occur at this contempt hearing. Such sanctions are appropriate in connection with a civil contempt citation. *See John Zink Co. v. Zink*, 241 F.3d 1256 (10th Cir. 2001).

Since the Novotnys and Plaintiffs have now complied with the Court's Order of October 20, 2005, I discharged the Order to Show Cause as to why Plaintiffs and the

Novotnys should not be held in criminal contempt. Finally, I granted Michael Baty's oral motion to withdraw as counsel for Plaintiffs.

Based upon the foregoing, it is

ORDERED that the civil contempt sanction of $10,000.00 imposed in the Order of March 14, 2006, is **WAIVED**. It is

FURTHER ORDERED that Plaintiffs and the Novotnys are assessed a sanction of **$2000.00** to reimburse Defendants the attorney fees and costs incurred by having to appear at this contempt hearing. It is

FURTHER ORDERED that the Order to Show Cause why Plaintiffs and the Novotnys should not be held in criminal contempt is **DISCHARGED**. It is

FURTHER ORDERED that Michael Baty's oral motion to withdraw as counsel for Plaintiffs is **GRANTED**. Finally, it is

ORDERED that the Clerk of Court is directed to serve this Order and future pleadings on Edward and Etta Novotny at the following addresses:

   13106 Highway 491 North
   Cortez, CO 81321

   917 Brookside Drive
   Cortez, CO 81321

   Dated: April 18, 2006

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    U. S. District Judge